The plaintiff brought his action for the following words: Will you castaway your daughter on Taylor? To which the father of the girl replied, Why?
And the defendant added: It is as true as anything that he ravished Frank'swife, innuendo, etc. And you had better follow your daughter to thegallows, then bestow her on him. The plaintiff declared that there was a communication between the father of the girl and himself touching a marriage between him and her, and then, on account of these words, he lost his marriage, to his damage, etc. The defendant pleaded non culp., and there was a verdict for the plaintiff, with £ 200 damage. Now a motion was made in arrest of judgment.
1. A man cannot have an action for losing his marriage, as a woman can. For she transit in familiam viri, and is advanced thereby. But the man is the head of the family.
Sed non allocatur, for he is damaged by the loss of his marriage.
Let us divide the case: (1) Whether the words are actionable bythemselves. (2) Admitting they are not, whether they are so, on account of the consequence.
Goldsmith, pro defendente. Words ought to be taken civiliter, and notcriminaliter, and in mitiori sensu, as thou hast burnt my barn; it shall not be intended of a barn adjoining a house, and therefore the *Page 790 
action does not lie. A woman may be ravished without carnal knowledge; and it is no felony.
CURIA. The action lies.
2. It is not alleged that there was a conclusion, but only acommunication of marriage, etc., and not with the daughter, but with thefather.
Sed non allocatur. For the plaintiff says that by these words he lost his marriage.
The plaintiff had judgment nisi, etc.
The court insisted on this, for it is ravishment of the wife of another, which can but be felony. 4 Rep., p. 16. Davies' case, where there was only a colloquium, but no conclusion of marriage. Bendl., 128; Roll., 373; Palm., 385.